UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PETER ANAYA, | CASE NO. 1:16-cv-01750-MJS (PC) |
|---|---|
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | (ECF No. 1) |
| J. BARRIOS, et al., | DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |
| Defendants. | CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 95.) He has consented to Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared in the action.

Plaintiff's complaint is before the Court for screening.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.  Plaintiff's Allegations**

Plaintiff is incarcerated at California State Prison – Corcoran, but complains of acts that occurred at the California Substance Abuse Treatment Facility ("SATF").  He names the following defendants in their individual and official capacities: Sergeant J. Barrios, Correctional Officer ("CO") Shomer, CO Peet, and CO Nelson.

Plaintiff brings numerous causes of action predicated on the allegation that Defendants have unauthorized access to Plaintiff's mental health files, that they have placed in those files false information regarding sexual offenses by and against Plaintiff, and that this conduct has resulted in harassment and discrimination against Plaintiff.

**IV.  Analysis**

  **A.  Claim and Issue Preclusion**

Plaintiff brought identical allegations against different defendants in a separate suit, Anaya v. CDCR, No. 16-cv-00040-MJS. That action ultimately was dismissed on December 8, 2016, after Plaintiff had, on multiple occasions, been advised of the legal standards applicable to what appeared to be his intended claims and was afforded multiple opportunities to amend his complaint, but nonetheless failed to state a cognizable claim.

The doctrine of res judicata, or claim preclusion, bars litigation of claims that were or could have been raised in a prior action, Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1212 (9th Cir. 2010)). In deciding whether there is an identity of claims, courts are to apply four criteria: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'"

Harris, 682 F.3d at 1132 (quoting United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011)). "The fourth criterion - the same transactional nucleus of facts - is the most important." Liquidators of European Fed. Credit Bank, 630 F.3d at 1151.

Defendant Nelson was a party to Anaya v. CDCR, and the claims against him were therein dismissed with prejudice. See Order Dismissing Action, No. 1:16-cv-00040-MJS (Dec. 8, 2016) (ECF No. 129). Those claims are identical to the claims presented here. Accordingly, the present claims are barred under the doctrine of res judicata.

Defendants Barrios, Shomer, and Peet were not parties to the final judgment in Anaya v. CDCR. Nonetheless, the claims against them appear to be barred by issue preclusion. Issue preclusion prevents relitigation of all "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding. Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988) The issue must have been "actually decided" after a "full and fair opportunity" for litigation. Id. Under the doctrine of "offensive" collateral estoppel, a litigant who was not a party to the prior case may assert collateral estoppel in the later case against the party who lost on the decided issue in the first case. Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979). The party against whom collateral estoppel is to be asserted must have had a "full and fair opportunity" to litigate the issue in the earlier case. Montana v. United States, 440 U.S. 147 (1979). As the claims presented herein appear to be identical to those raised, and dismissed with prejudice, in Anaya v. CDCR, they are barred by issue preclusion.

In any event, regardless of any preclusive effect of Anaya v. CDCR, the claims alleged in Plaintiff's complaint are not cognizable for the reasons stated in the prior action. The Court will repeat that analysis here. However, as Plaintiff already was provided these legal standard in the prior action and failed on numerous occasions to state a cognizable claim, the Court concludes that further leave to amend in this action would be futile. Accordingly, leave to amend will be denied.

**B.     Implausible Allegations**

At the pleading stage, Plaintiff's allegations generally must be accepted as true. However, 28 U.S.C. § 1915(e)(2)(B) accords judges the authority to "pierce the veil of the complaint's factual allegations" and to dismiss claims "describing fantastic or delusional scenarios." See Nietzke v. Williams, 490 U.S. 319, 327-28 (1989). Thus, the Court may dismiss claims that "rise to the level of the irrational or the wholly incredible." See Denton v. Hernandez, 504 U.S. 25, 32–33 (1992).

Plaintiff's allegations that Defendants are following him and are eavesdropping on him through hidden devices are too implausible, outlandish, and far-fetched to be believed. These allegations will be dismissed as frivolous.

**C.     Inaccurate Prison Records**

The due process clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the due process clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

The inaccuracy of records compiled or maintained by the government is not, standing alone, sufficient to state a claim of constitutional injury under the due process clause of the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 711-714 (1976); see also Reyes v. Supervisor of DEA, 834 F.2d 1093, 1097 (1st Cir. 1987) (no claim presented where inmate failed to allege false information maintained by police department relied upon to deprive him of constitutionally protected interest); Pruett v. Levi, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of inaccuracy in FBI criminal files not state constitutional claim).

The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint

which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Plaintiff does not allege how or whether the state of California has created a liberty interest in accurate prison records. The Court is unaware of any decision holding that inmates have such a right. Further, plaintiff does not allege whether he has fulfilled any procedural requirements for challenging the accuracy of his prison record. In addition, because the alleged misstatement is included in his confidential files, it is unclear how such misinformation might be relied upon so as to rise to the level of a constitutional violation.

The Court understands that the alleged misstatements are sexual in nature and may subject Plaintiff to stigma. However, even classifying Plaintiff as a sex offender is insufficient to implicate a liberty interest, absent other circumstances suggesting an atypical and significant hardship. See Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."); see also Cooper v. Garcia, 55 F. Supp. 2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, No. C95-20717 RMW, 1996 WL 107275, at *2-5 (N.D. Cal. 1996); Brooks v. McGrath, No. C 95-3390 SI, 1995 WL 733675, at *1-2 (N.D. Cal. 1995). Plaintiff's conclusory allegations that these misstatements create an atypical and significant hardship are insufficient.

Accordingly, Plaintiff's allegation that Defendants have made inaccurate entries in his confidential records fails to state a claim.

### D.   Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations omitted). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk

of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A conditions of confinement claim has both an objective and a subjective component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . . sufficiently serious," and must "result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotation marks and citations omitted) "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Second, the prison official must have acted with "deliberate indifference" to inmate health or safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must show that a defendant knew of, but disregarded, an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### 1. Contaminated Food Tray

Plaintiff alleges that his food tray was contaminated with feces. Plaintiff believes this was the result of deliberate actions taken against Plaintiff due to the stigma associated with false allegations that Plaintiff committed a sexual offense against a child.

Adequate food is a basic human need protected by the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996). While prison food need not be tasty or aesthetically pleasing, it must be adequate to maintain health. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id. (citing Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985); see also George v. King, 837 F.2d 705, 707 (5th Cir. 1988) ("[A] single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected

prisoners."); Islam v. Jackson, 782 F. Supp. 1111, 1114-15 (E.D. Va.1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion); Bennett v. Misner, 2004 U.S. Dist. LEXIS 19568 at *63, 2004 WL 2091473 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation.")

Plaintiff does not allege any facts to show whether any of the Defendants personally contaminated his food. Nor does he state facts that would show Defendants were aware of the contamination by others but failed to act. Nor does he allege how long the contamination involving these Defendants went on. His belief that Defendants were involved in the contamination appears to be based entirely on speculation. Accordingly, this allegation fails to state a claim.

**2.   Emotional Distress**

As an initial matter, under 42 U.S.C. § 1997e(e), enacted as part of the Prison Litigation Reform Act of 1996, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ." Thus, in order to pursue damages based on mental or emotional injury, plaintiff must demonstrate that he sustained an actual physical injury. Plaintiff has alleged no such injury here. Plaintiff's mere reference to "physical ailments" that may or may not have any relation to Defendants' conduct is insufficient to support his claims.

Additionally, Plaintiff's threadbare allegations that he suffered emotional distress and that Defendants failed to address his mental health needs are insufficient to allege a substantial risk of serious harm. Plaintiff also has not alleged that any Defendant was aware of a substantial risk but failed to take action to avoid or abate it.

### 3. Name Calling

Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

### E. Grievance Process

Plaintiff alleges that Defendants failed or refused to process his administrative grievances.

As Plaintiff already has been advised, this allegation fails to state a claim. Prisoners have no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance does not constitute a due process violation.

To the extent Plaintiff argues that Defendants ignored Plaintiff's complaints, in violation of Plaintiff's constitutional rights, the denial of a prisoner's administrative appeal generally does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Thus, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. That circumstance has not been presented here. Plaintiff has not stated a viable constitutional claim against any other Defendant. Absent facts sufficient to show that a constitutional violation occurred in the first place, Plaintiff cannot pursue a claim for review of the administrative appeal grieving the underlying allegations.

### F. Access to Courts

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). Claims for denial of access to

the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" i.e., prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis, 518 U.S. at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

Plaintiff's allegations do not state a claim. The Court notes that the basis for Plaintiff's access to courts claim is unclear. To the extent it is based on improper processing of his grievances, Plaintiff has failed to allege any actual injury as he has thus far been permitted to proceed in this action despite his assertions that he has been unable to exhaust administrative remedies.

### G.    Equal Protection

Plaintiff states that his Equal Protection rights have been violated.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not set forth any allegations indicating that he and other similarly situated individuals were treated differently, whether by virtue of Plaintiff's membership in a protected class or otherwise. He merely alleges that he is a member of a protected class and that he was treated differently than others similarly situated without a rational

basis. He does not allege the nature of the class, nor the nature of the discrimination. He has failed to state an Equal Protection claim.

### H. Fourteenth Amendment Defamation

Defamation can, under certain circumstances, constitute a claim for relief under the Fourteenth Amendment. However, reputational harm alone does not state a § 1983 claim. Paul v. Davis, 424 U.S. 693, 701-710 (1976). Instead, a plaintiff must allege loss of a constitutionally protected property or liberty interest in conjunction with the allegation of injury to reputation. Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.1991), aff'd in relevant part, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (en banc).

Plaintiff does not describe any constitutionally protected interest he was deprived of in connection with the injury to his reputation. He fails to state a constitutional defamation claim.

### I. Cell Searches

An inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures." Hudson v. Palmer, 468 U.S. 517, 536 (1984). Plaintiff's allegation that his cell is frequently searched fails to state a claim.

### J. Privacy Act

The Privacy Act provides a private cause of action against federal agencies for violating the Act's provisions. Doe v. Chao, 540 U.S. 614, 618 (2004); 5 U.S.C. § 552a(g)(1). The Privacy Act prohibits, with certain exceptions, the disclosure by an agency of "any record which is contained within a system of records" without the prior written consent of the individual to whom the record pertains. 5 U.S.C. § 552a(b).

No federal agency is named in this action or implicated by the facts Plaintiff alleges. This allegation fails to state a claim.

### K. State Law Claims

Plaintiff's claims for libel, slander, defamation, and harassment arise under state law. Plaintiff also brings a variety of other state law claims.

The Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust, 254 F.3d at 805.

### L.  Official Capacity Claims

Plaintiff names each of the Defendants in their individual and official capacities.

"Official capacity" suits require that a policy or custom of the governmental entity is the moving force behind the violation. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Plaintiff has not alleged what custom or policy, if any, motivated Defendants' conduct. His bare, conclusory allegations that a custom or policy exists is insufficient.

Plaintiff seeks injunctive relief but does not allege a custom or policy behind any violations. Accordingly, Plaintiff has not stated a claim for relief against Defendants in their official capacities.

## V.  Conclusion and Order

Plaintiff's complaint is barred by claim and issue preclusion and, in any event, fails to state a cognizable claim. Plaintiff is well aware of the legal standards applicable to his claims, having been provided them in a separate action. He nonetheless has failed to plead a cognizable claim. Leave to amend reasonably appears futile and will be denied.

Accordingly, it is HEREBY ORDERED that:

1. The action is DISMISSED with prejudice for failure to state a claim;
2. Dismissal counts as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); and

3. The Clerk of the Court shall terminate all pending motions and close the case.

IT IS SO ORDERED.

Dated: January 23, 2017         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE